IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAUL PRIETO-CRUZ, | ) | CASE NO. 4:23-CV-01217 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | |
| FERNANDO GARZA, *et al.*, | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| Defendants. | ) | **ORDER** |

Before the Court are three, mostly identical motions to dismiss filed by Defendants Fernando Garza, Joshua Bolar, and Debra Giannone (collectively "motions"). (ECF Nos. 19, 20 & 21). The motions were filed on December 5, 2024. (*Id.*). Defendants argue *inter alia* that Plaintiff Raul Prieto-Cruz's complaint is barred by his failure to exhaust available administrative remedies. (ECF No. 19-1, PageID #181; ECF No. 20-1, PageID #209; ECF No. 21-1, PageID #237). Plaintiff did not respond to any of Defendants' motions. For the following reasons, Defendants' motions are **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**.

   I.   **FACTUAL BACKGROUND**

Plaintiff is a federal inmate incarcerated in FCI Elkton. (ECF No. 1-1, Compl., PageID #16). On January 22, 2023, while housed in the special housing unit, Plaintiff fell while attempting to climb down from the top bunk for morning count. (*Id.*). Since there was no ladder from the top bunk to the floor, he stepped down onto a desk and then to a swivel chair, which swiveled beneath him causing him to fall and injure his head, neck, and right eye. (*Id.* at PageID #16–17; ECF No. 1, PageID #5). Plaintiff was transported to the hospital and treated for a laceration on his forehead and pain. (*Id.* at PageID #17). He remained in this hospital for three days; he was transported back to FCI Elkton on January 25, 2023. (*Id.* at PageID #17–18).

Plaintiff filed his complaint on June 20, 2023. (ECF No. 1). He alleges that he was deprived of his Eighth Amendment right to be free from unsafe conditions, cruel and unusual punishment, and the right to adequate medical care. (*Id.* at PageID #3). The unsafe condition is the lack of ladder and rail guards on the top bunk. (ECF No. 1-1, PageID #19). Regarding his medical care, Plaintiff alleges that "Defendant Giannone failed to provide plaintiff adequate medical care when on 3/15/2023, plaintiff reported to sick call for pain associated with his injury, was evaluated by defendant and received no medication." (*Id.* at PageID #21). Plaintiff also complains a doctor ordered Plaintiff to be reassigned to a bottom bunk, but he remained on the top bunk until his release from the special housing unit on February 28, 2023. (*Id.* at PageID #22). According to Plaintiff, these claims together amount to cruel and unusual punishment under the Eighth Amendment. (*Id.*).

## II. PROCEDURAL POSTURE

Defendants filed motions to dismiss alleging, in part, that Plaintiff has not exhausted administrative remedies, thus barring this action. (ECF No. 19-1, PageID #181; ECF No. 20-1, PageID #209; ECF No. 21-1, PageID #237). Defendants each attach the Declaration of Robert Jensen, a Senior Consolidated Legal Center Attorney employed by the Northeast Regional Office of the Federal Bureau of Prisons. (ECF No. 19-2, PageID #195; ECF No. 20-2, PageID #223; ECF No. 21-2, PageID #247). The Jensen Declaration relies on the information contained in the database known as Sentry, which tracks data about federal prisoners such as whether they have asked for an administrative remedy and the status of the request. (ECF No. 19-2, PageID #195; ECF No. 20-2, PageID #223; ECF No. 21-2, PageID #247). Jensen declares that Plaintiff "did not file a request for administrative remedy concerning any issue or at any level during his time with

the BOP." (ECF No. 19-2, PageID #196; ECF No. 20-2, PageID #224; ECF No. 21-2, PageID #248).

Plaintiff admits that he did not submit an administrative remedy request regarding the lack of ladder to his bunk; he claims that he could not file the request due to his three-day hospital stay. (ECF No. 1, PageID #7). He claims that he filed an administrative remedy request regarding his medical-treatment claim but admits that he never received a response from the Warden. (*Id.*). Defendants respond that Plaintiff had 20 days to file an administrative remedy request. (ECF No. 19-1, PageID #182; ECF No. 20-1, PageID #210; ECF No. 21-1, PageID #238) (citing 28 C.F.R. § 542.14(a)). Regarding the request that Plaintiff claims he made of which the BOP has no record, Defendants state the Plaintiff could have invoked the procedure under 28 C.F.R. § 542.18, which provides, "If an inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." (ECF No. 19-1, PageID #183; ECF No. 20-1, PageID #211; ECF No. 21-1, PageID #239). Thus, Defendants argue that Plaintiff should have "deemed his alleged request to the Warden denied after 20 days and appealed to the Regional Director." (ECF No. 19-1, PageID #181; ECF No. 20-1, PageID #209; ECF No. 21-1, PageID #237) (citing 28 C.F.R. §§ 542.15, 542.18). Since Plaintiff did not do so, he failed to exhaust his administrative remedies as to his medical-treatment claim as well. (ECF No. 19-1, PageID #181; ECF No. 20-1, PageID #209; ECF No. 21-1, PageID #237).

### III. MOTION STANDARD

A motion to dismiss under Rule 12(b)(6) attacks the complaint by alleging that it "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To survive Defendants' Rule 12(b)(6) motion, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009). Plausibility is not probability; plausibility "simply calls for enough fact to raise a reasonable expectation that discovery" will be fruitful. *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556 (2007). Ultimately, a claim is facially plausible when the plaintiff pleads facts that allow the court to draw a reasonable inference that the defendant is liable for his actions. *Iqbal*, 556 U.S. at 678.

A court may only reference factual allegations in the pleadings when deciding a motion under Fed. R. Civ. P. 12(b)(6). *Tebault v. United States,* 778 F. Supp. 3d 912, 917 (W.D. Ky. 2025). If a party presents matters outside the pleadings, the court must treat the motion "as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Documents which may be treated as part of the pleadings include "exhibits attached to a Complaint, public records, items appearing in the record of the case, and a motion to dismiss[.]" *Bassett v. Nat'l Collegiate Athletic Ass'n,* 528 F.3d 426, 430 (6th Cir. 2008). The Sixth Circuit only considers "[d]ocuments that a defendant attaches to a motion to dismiss [as] part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim." *Weiner v. Klais & Co., Inc.,* 108 F.3d 86, 89 (6th Cir. 1997) (citing *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). The Court considers the Jensen Declaration to be within the realm of documents referred to in Plaintiff's complaint, or otherwise central to his claim. (*See* ECF No. 1, PageID #7).

IV. **DISCUSSION**

Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief

4

sought. *Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001). "[E]xhaustion is required even if the prisoner subjectively believes the remedy is not available, even when the state cannot grant the particular relief requested, and 'even where [the prisoners] believe the procedure to be ineffectual or futile . . . .'" *Pack v. Martin*, 174 F. App'x 256, 262 (6th Cir. 2006) (internal citations omitted) (alteration in original).

The exhaustion requirement is only satisfied by "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 92 (2006). Under the PLRA, a prisoner "exhausts a claim by taking advantage of each step the prison holds out for resolving the claim internally and by following the 'critical procedural rules' of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance 'on the merits' in the first instance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (quoting *Woodford*, 548 U.S. at 90). "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

The Ohio Administrative Code established a three-step prison grievance system: (i) filing an informal complaint; (ii) filing a notification of grievance (filing a grievance); and (iii) filing an appeal of the disposition of grievance. Ohio Admin. Code § 5120-9-31(J). Thus, a prisoner's claim is properly exhausted only when a prisoner has pursued review at all three steps of the process. *See Pack*, 174 F. App'x at 262 (explaining that the Sixth Circuit "has interpreted the PLRA's exhaustion requirement to be satisfied if a Plaintiff files a grievance granting the prison 'fair notice' of the claim and appeals the denial of the grievance to the highest possible level").

The documents attached to the Jensen Declaration and the Declaration itself establish that Plaintiff did not exhaust his administrative remedies prior to filing this complaint. Plaintiff did not respond to Defendants' motions, leaving Defendants' evidence of Plaintiff's failure unchallenged.

5

*See Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008) (citing *Hood v. Tenn. Student Assistance Corp.,* 319 F.3d 755, 760 (6th Cir. 2003) (holding that a failure to raise arguments in an opposition to a motion renders those arguments waived); *Scott v. State of Tennessee,* 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989) (unpublished table decision)); *see Cincinnati Ins. Co. v. E. Atl. Ins. Co.*, 260 F.3d 742, 747 (7th Cir. 2001) (explaining that a party's failure to oppose an argument permits an inference of acquiescence, and "acquiescence operates as a waiver"). Having failed to exhaust his administrative remedies, Plaintiff's complaint must be **DISMISSED WITH PREJUDICE**.

### V. CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss (ECF Nos. 19, 20 & 21) are **GRANTED**. This action is therefore **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Date: September 30, 2025

*s/Charles E. Fleming*
**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**
